IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD GEE | : | |
| Petitioner, | : | CIVIL ACTION |
| | : | NO. 09-825 |
| v. | : | |
| JOHN KERESTES, et al. | : | |
| Respondents. | : | |

June _16__, 2010                                                  Anita B. Brody, J.

## MEMORANDUM

**I. INTRODUCTION**

    Edward Gee ("Gee") petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. I referred the petition to Chief Magistrate Judge Rueter for a Report and Recommendation ("R&R") in accordance with 28 U.S.C. § 636(b)(1)(B). Judge Rueter recommended that I deny the petition. Gee filed objections. For the reasons discussed below, I will overrule Gee's objections, adopt the R&R with one exception, and deny the petition for a writ of habeas corpus.

**II. BACKGROUND**

    The R&R recites the factual and procedural background of this case. I will mention here only those facts relevant to Gee's objections. On January 28, 2000, Gee was convicted of third-degree murder and carrying a firearm without a license. Gee was identified as the driver in a drive-by shooting in which the victim was killed by a single shot that came from the passenger-side window of the vehicle. After the shooting, Gee engaged the police in a car chase and was

only apprehended after his car was involved in an accident. (R&R at 1 & n.1.)

At trial, the court was informed that Gee had prior convictions for robbery and theft. The court ruled that the prior convictions were admissible for impeachment purposes if Gee testified. (R&R at 10.) After the prosecutor and Gee's trial counsel advised him as to the purposes for which his prior convictions could be used (namely, to assess his credibility), Gee confirmed to the trial court that he understood these purposes and subsequently chose not to testify. (Gov't's Resp. to Pet'r's Obj. at 3.) During summation, the prosecutor referred to Gee as "a murderer." (R&R at 19.) Gee's trial counsel did not object to the prosecutor's comment, but the trial court provided a cautionary instruction to the jury, explaining that closing arguments were not evidence and were not to be treated as such. (R&R at 21-22.) In his Post Conviction Relief Act ("PCRA") petition, Gee argued, among other things, that his trial counsel's failure to object to this comment deprived him of the effective assistance of counsel.

Gee's PCRA petition was ultimately denied by the Superior Court of Pennsylvania. The Supreme Court of Pennsylvania denied Gee's request for discretionary review. Gee then filed the instant petition for a writ of habeas corpus. (R&R at 3.)

### III. STANDARD OF REVIEW

This petition is governed by the revisions to the federal habeas statute enacted in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Pursuant to AEDPA,

> [W]hen a federal court reviews a state court's ruling on federal law, or its application of federal law to a particular set of facts, the state court's decision must stand unless it is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."

*Lam v. Kelchner*, 304 F.3d 256, 263 (3d Cir. 2002) (quoting 28 U.S.C. § 2254(d)(1)). A state

court decision is "contrary" to clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases," or if it "confronts a set of facts that are materially indistinguishable from a decision of th[e] [Supreme] Court and nevertheless arrives at a result different from [its] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, habeas relief should be granted "when the state court 'correctly identifies the governing legal rule but applies it unreasonably to the facts of a . . . case.'" *Lam*, 304 F.3d at 263 (quoting *Williams*, 529 U.S. at 407-08); *see also Waddington v. Sarausad*, 129 S. Ct. 823, 831 (2009) ("Where . . . it is the state court's application of governing federal law that is challenged, the decision must be shown to be not only erroneous, but objectively unreasonable." (internal quotation marks omitted)).

Where a petition for a writ of habeas corpus has been referred to a magistrate judge for a Report and Recommendation, the district court "shall make a de novo determination of those portions of the report . . . to which objection is made. . . . [The court] may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b).

## IV. DISCUSSION

Gee raises four claims in his habeas petition: (1) that his conviction resulted from state court errors that had the cumulative effect of denying him a fair trial; (2) that the evidence supporting his conviction was insufficient to persuade a jury of guilt beyond a reasonable doubt; (3) that his conviction was obtained through prosecutorial misconduct; and (4) that his trial and direct appeal counsel were ineffective. (R&R at 3-4.) Judge Rueter concluded that each claim should be denied and recommended that I deny the petition.

Gee filed four objections to the R&R:

(1) that Judge Rueter erroneously concluded that Gee was not deprived of fundamental fairness in his trial where Gee had refused to testify under the mistaken belief that the trial court had ruled that Gee's prior convictions were admissible as substantive evidence;

(2) that Judge Rueter erroneously rejected Gee's claim that there was insufficient evidence adduced at trial to support his murder conviction;

(3) that Judge Rueter erroneously rejected Gee's claim that his conviction was obtained as a result of prosecutorial misconduct; and

(4) that Judge Rueter erroneously rejected Gee's claim that his trial and direct appeal counsel were ineffective.

(Pet'r's Obj. at 2-6.) I will consider these in turn, each on the merits. After reviewing the record, I conclude that Gee's objections are overruled, adopt the R&R–with one exception–and deny the petition for a writ of habeas corpus.

### A. Impeachment with Previous Convictions

Gee's first objection to the R&R relates to Judge Rueter's conclusion that Gee was not deprived of fundamental fairness in his trial due to the trial court's ruling that evidence of his prior convictions was admissible for impeachment purposes. Gee asserts that he chose not to testify because he mistakenly believed that his prior convictions could be used as substantive evidence, rather than as evidence pertaining solely to his credibility. (Pet'r's Obj. at 2.) Gee believes that if the jury had heard his testimony, it would concluded that he lacked the required culpability for the offenses. This, Gee submits, is a denial of fundamental fairness at trial. *Id.*

The Commonwealth argues that Gee's objection is a novel claim that he has not previously presented to any court and is therefore procedurally defaulted. (Gov't's Resp. to Pet'r's Obj. at 2.) However, under 28 U.S.C. § 2254(b)(2), an application for a writ of habeas corpus may be denied

on the merits, notwithstanding the petitioner's failure to exhaust remedies in the state's courts. Therefore, although the government is likely correct that Gee failed to exhaust this claim, I will address it on its merits.

In presenting the issue before Judge Rueter, Gee simply claimed that the trial court's ruling on the admissibility of his prior convictions denied him a fair trial. Judge Rueter correctly noted in his R&R that Gee's questioning of the trial court's ruling is only cognizable under federal habeas review to the extent that the trial court's ruling can be said to have deprived Gee of fundamental fairness in his trial. (*See* R&R at 12, quoting *Laird v. Horn*, 159 F. Supp. 2d 58, 98-99 (E.D. Pa. 2001) ("[E]videntiary errors made by the state court are not considered to be of constitutional proportions . . . unless the error deprives the defendant of fundamental fairness in his criminal trial.")). *See also Bisaccia v. Att'y Gen.*, 623 F.2d 307, 312 (3d Cir. 1980) (same).

Judge Rueter properly concluded that Gee was not deprived of fundamental fairness in his trial because of the "longstanding rule that when a defendant takes the stand, 'his credibility may be impeached and his testimony assailed like that of any other witness.'" *Portuondo v. Agard*, 529 U.S. 61, 69 (2000) (quoting *Brown v. United States*, 356 U.S. 148, 154 (1958)). This rule applies even though "[a] defendant might refuse to testify simply out of fear that he will be made to look bad by clever counsel, or fear that his prior convictions will prejudice the jury." *Id.* at 67 (internal quotation marks omitted). The Supreme Court has recognized a defendant's decision not to take the stand as "a choice of litigation tactics." *Jenkins v. Anderson*, 447 U.S. 231, 238 (1980).

Gee now claims that he chose not to testify because he mistakenly believed that his prior convictions could be used as substantive evidence that he committed the crimes for which he was accused. (Pet'r's Obj. at 2.) Yet, as the government describes in detail, both the prosecutor and

Gee's trial counsel specifically advised Gee in open court as to what the jury would and would not be entitled to conclude from his previous convictions for crimes of dishonesty. At the direction of the trial court, Gee confirmed that he understood the purposes for which his prior convictions could be used. (Gov't's Resp. to Pet'r's Obj. at 3.) Thus, Gee cannot now claim that his decision not to testify was uninformed. His decision not to testify was a strategic choice that, under clearly established federal law, does not give rise to a deprivation of fundamental fairness claim. Consequently, I overrule Gee's objection to Judge Rueter's determination that Gee was not deprived of fundamental fairness in his trial due to the trial court's ruling that evidence of his prior convictions was admissible for impeachment purposes.

### B.  Sufficiency of the Evidence to Sustain Conviction

In Gee's second objection to the R&R, he contends that Judge Rueter erred in concluding that there was sufficient evidence to convict Gee of third-degree murder and carrying a firearm without a license. Gee argues that he could not be convicted of either charge in the absence of evidence that he was part of a conspiracy with the shooter. (Pet'r's Obj. at 2-3.)

Gee's theory, which does not appear to be the one that he raised on direct appeal and presented to Judge Rueter, is also likely procedurally defaulted, but, as with his first objection, I will overrule it on the merits. Under *Jackson v. Virginia*, 443 U.S. 307, 319 (1979), a federal court reviewing a sufficiency of the evidence claim in a habeas petition must determine whether, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id*. A petitioner is only "entitled to habeas corpus relief if it is found upon the record evidence adduced at the trial [that] no rational trier of fact could have found proof of guilt beyond a reasonable

doubt." *Id.* at 324. Judge Rueter found, and I concur, that the state court analyzed Gee's sufficiency of the evidence claim under a standard indistinguishable from the *Jackson* standard. (*See* R&R at 17-18, quoting *Commonwealth v. Gee*, No. 582 EDA 2003, slip op. at 5-7 (Pa. Super. Ct. Nov. 1, 2004).

As Judge Rueter highlighted in his R&R, the PCRA appellate court noted that under Pennsylvania law, one can be guilty of both third-degree murder and carrying a firearm without a license on an accomplice theory of liability. The state court then analyzed the record evidence: an eyewitness to the murder testified that Gee slowly drove a vehicle towards the victim and maneuvered it close enough to the victim to allow the passenger to fire a single fatal shot through the passenger-side window. Thereafter, Gee engaged the police in a high-speed chase and proceeded to flee and hide from the police. (R&R at 18.) The court determined from this evidence that, viewed in the light most favorable to the Commonwealth, there was sufficient evidence for a rational trier of fact to conclude beyond a reasonable doubt that Gee committed third-degree murder and possessed a firearm without a license under a theory of accomplice liability. Judge Rueter concluded that the PCRA appellate court's conclusion was not contrary to, or an unreasonable application of, the *Jackson* standard and I agree. Therefore, I overrule Gee's second objection and affirm Judge Rueter's determination that there was sufficient evidence to sustain Gee's conviction.

### C. Prosecutorial Misconduct

In Gee's third objection, he contends that Judge Rueter erred in rejecting his claim that his conviction was a result of prosecutorial misconduct. Gee argues that he was denied a fair trial because during summation the prosecutor referred to him as "a murderer." (Pet'r's Obj. at 3-4.)

Gee argues that this remark was improper and prejudicial, rendering it impossible for the jury to weigh the evidence fairly. *Id*. Judge Rueter, noting that defense counsel did not object to the remark at trial and that Gee failed to raise a prosecutorial misconduct claim in the state courts, denied this claim as procedurally defaulted. Although I agree that Gee's prosecutorial misconduct claim fails, I make this determination on the merits and part with Judge Rueter with regard to the issue of procedural default.

A state prisoner must exhaust his remedies in the state courts before a federal habeas petition may be granted. 28 U.S.C. § 2254(b)(1)(A). "[E]xhaustion of state remedies requires that petitioners 'fairly present' federal claims to the state courts." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971)). A federal claim is fairly presented to a state court when the petitioner has presented the factual and legal substance of the claim in such a manner that the state court is on notice that a federal claim is being asserted. *McCandless v. Vaughn*, 172 F.3d 255, 261 (3d Cir. 1999). In other words, "both the legal theory and the facts underpinning the federal claim must have been presented to the state courts, and the same method of legal analysis must be available to the state court as will be employed in the federal court." *Evans v. Court of Common Pleas, Delaware County*, 959 F.2d 1227, 1231 (3d Cir. 1992) (internal citations omitted).

During his postconviction proceedings, Gee raised an ineffective assistance of counsel claim because of his trial counsel's failure to object to the "murderer" comment. However, he neglected to allege in addition that the comment was an instance of prosecutorial misconduct that violated his right to due process. Judge Rueter determined that Gee had not fairly presented the underlying prosecutorial misconduct claim to the state courts because, in *Gattis v. Snyder*, 278

F.3d 222 (3d Cir. 2002), the Third Circuit held that for exhaustion purposes, ineffective assistance of counsel claims are distinct from their underlying claims because they implicate different legal theories. (*See* R&R at 19, citing *Gattis*, 278 at 237 n.6). As a result, Judge Rueter concluded that Gee had procedurally defaulted his prosecutorial misconduct claim.

This is not the first time that I have addressed the distinction between an ineffective assistance of counsel claim and its underlying claim in the procedural default context. *See Veal v. Myers*, 326 F. Supp. 2d 612 (E.D. Pa. 2004). In *Veal*, the petitioner had raised his claim of identification taint in the state court via a Sixth Amendment ineffective assistance of counsel claim, but had not raised it as an independent due process claim. *Id*. at 619. The Commonwealth argued that under *Gattis*, *Senk v. Zimmerman*, 886 F.2d 611 (3d Cir. 1989), and *Dooley v. Petsock*, 816 F.2d 885 (3d Cir. 1987), the petitioner in *Veal* had procedurally defaulted his due process claim. I disagreed and distinguished all three cases from *Veal* by demonstrating that in none of the three named cases had the state court dealt with the ineffectiveness claim by addressing the merits of the underlying claim. *Id*. at 620-21. The Third Circuit in *Gattis*, *Senk*, and *Zimmerman* had, in each case, assumed that the underlying claim had merit, and proceeded to analyze the reasonableness of the counsel's conduct under the *Strickland* standard. *See Strickland v. Washington*, 466 U.S. 668, 688-94 (1984) (explaining that in order to succeed on an ineffective assistance of counsel claim, a petitioner must demonstrate: (1) "that counsel's representation fell below an objective standard of reasonableness," and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.").

In contrast, in *Veal*, the state court dismissed the ineffectiveness claim by examining the

underlying claim and finding it lacking in merit. Under Pennsylvania law, a petitioner asserting a claim of ineffective assistance of counsel must show that: "(1) the claim underlying the ineffectiveness claim is of arguable merit; (2) counsel's actions lacked any reasonable basis; and, (3) counsel's actions resulted in prejudice to petitioner." *Commonwealth v. Fletcher*, 986 A.2d 759, 772 (Pa. 2009). In *Veal*, "the state court both began and ended its analysis with the merits, ultimately deciding that Veal's claim of identification taint lacked any." 326 F. Supp. 2d at 621. I concluded that "to find that Veal failed to exhaust his underlying claims in state court, when the state court devoted a substantial portion of its opinion to the merits of those claims, would be in derogation of the principles elucidated under AEDPA." *Id*. at 622. Nothing has occurred in the interim to change my view. *See Corredor v. Coleman*, No. 09-1817, 2010 WL 391412, at *6 n.4 (E.D. Pa. Jan. 26, 2010) ("[I]f a state court considered the merits of the claim underlying the ineffectiveness claim, the underlying claim is considered fairly presented to the state courts"); *see also Harper v. Kyler*, No. 01-0086, 2005 WL 950617, at *8 (E.D. Pa. Apr. 22, 2005) (citing *Veal* approvingly).

In the present case, the PCRA appellate court denied Gee's ineffective assistance of counsel claim by demonstrating that his prosecutorial misconduct claim was meritless. (R&R at 20-22.) Thus, as in *Veal*, Gee's due process claim based on prosecutorial misconduct has not been procedurally defaulted. However, Gee cannot succeed on the claim because it is meritless.

Fortunately, there is no need to start from scratch on the merits of Gee's prosecutorial misconduct claim because Judge Rueter did review the PCRA appellate court's analysis of the merits of the claim in the section he devoted to Gee's ineffectiveness claim. Judge Rueter found that the PCRA appellate court applied a prosecutorial misconduct standard materially indistin-

guishable from the standard set forth by the Supreme Court in *Darden v. Wainwright*, 477 U.S. 168 (1986) and I agree. *Compare Darden*, 477 U.S. at 181 (concluding that to successfully state a claim for habeas relief based upon comments made by a prosecutor at trial, a petitioner must demonstrate that the comments "so infected the trial with unfairness as to make the resulting conviction a denial of due process." (internal quotation marks omitted)) *with Commonwealth v. Gee*, No. 448 EDA 2007, slip op. at 7 (Pa. Super. Ct. Sept. 23, 2008) ("[A] prosecutor's comments do not constitute reversible error unless the unavoidable effect of such comments would be to prejudice the jury, forming in their minds fixed bias and hostility toward [the defendant] so that they could not weigh the evidence objectively and render a true verdict." (quoting *Commonwealth v. Harris*, 884 A.2d 920, 927 (Pa. Super. Ct. 2005)). *See also Corredor*, 2010 WL 391412 at *8 n. 7 ("The state and federal tests for prosecutorial misconduct are 'substantively identical.'").

As Judge Rueter explained, the PCRA appellate court analyzed the prosecutor's remark in the context of the entire trial, particularly in the context of the prosecutor's closing argument and the evidence presented at trial, just as the Supreme Court did in *Darden*. *See also Brecht v. Abramson*, 507 U.S. 619, 638 (1993) (examining a prosecutorial misconduct claim "in light of the record as a whole" in order to determine whether the conduct "'had [a] substantial and injurious effect or influence'" on the jury's verdict). The state court noted that, in light of the (1) strong evidence adduced at trial against Gee; (2) the absence of any other problematic statements in the prosecutor's closing; as well as (3) the curative instruction provided by the trial court explaining that the attorneys' closing arguments were not evidence, the prosecutor's comments could not be considered unfair or unduly prejudicial. (*See* R&R at 21-22.) I concur with Judge Rueter's assessment that the state court's analysis of the merits of Gee's prosecutorial misconduct claim

was not contrary to, or an unreasonable application of, clearly established federal law. *See Darden*, 477 U.S. at 181-182 (denying prosecutorial misconduct claim in light of the trial court's curative instructions, the weight of the evidence against the defendant, and the fact that the prosecutor did not misstate or misrepresent the evidence). Consequently, I overrule Gee's objection, and will affirm Judge Rueter's ultimate conclusion that Gee's prosecutorial misconduct claim fails.

### D. Ineffective Assistance of Counsel

In Gee's fourth and final objection, he contends that Judge Rueter erred in denying his ineffective assistance of counsel claim. Gee argues that the prosecutor's "murderer" comment was improper and that there was no reasonable basis for his trial counsel's failure to object to it. (Pet'r's Obj. at 4.) Gee believes that this comment irreparably contaminated the jurors' ability to objectively consider the evidence, despite the trial court's cautionary instruction to the jury. (*Id.* at 4-5.) Had his counsel objected to the comment, Gee claims, the outcome of the case would have been different. (*Id.* at 4.) For this reason, Gee claims that he was denied his right to assistance of counsel guaranteed by the Sixth Amendment.

I concur with Judge Rueter's conclusion that Gee's claim is meritless. As previously discussed, the PCRA appellate court determined that because Gee's prosecutorial misconduct claim was not meritorious, his trial counsel's failure to object to the "murderer" remark did not give rise to an ineffectiveness claim. (R&R at 22.) Judge Rueter concluded that the state court's conclusion was not contrary to, or an unreasonable application of, clearly established federal law, and I agree. *See United States v. Sanders*, 165 F.3d 248, 253 (3d Cir. 1999) ("There can be no Sixth Amendment deprivation of effective counsel based on an attorney's failure to raise a

meritless argument.") Accordingly, I overrule Gee's objection to Judge Rueter's rejection of his ineffective assistance of counsel claim.

## V. CONCLUSION

Aside from Judge Rueter's finding that Gee's prosecutorial misconduct claim was procedurally defaulted, I concur with the conclusions he reached in the R&R. I will adopt the R&R to the extent that I have indicated agreement with it. I overrule all of Gee's objections. The writ of habeas corpus shall be denied. In addition, Gee has not made a substantial showing of the denial of a constitutional right nor established that reasonable jurists would disagree with this court's disposition of his claims. Consequently, no certificate of appealability need be issued. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). An appropriate order shall follow.

s/Anita B. Brody

_____

Anita B. Brody, J.